and I doubt counsel would be on this video call right now if you weren't representing someone so we anticipate you're here for that reason. Mr. Sarcone if you would, would you if you're prepared please begin your argument. Thank you your honor. Please the court, counsel. I do have my written materials to the side in my screen so if I I'm looking over to the side I'm looking at my written materials. In 1971 the United States Supreme Court held in Santabello v New York that the remedy for a breach of plea by the government is either specific performance of the plea agreement or withdrawal from the plea but the court left that decision to the discretion of the district court based on the circumstances of the case. The Supreme Court did not set a specific standard or set of conditions considerations but it held that the circumstances of the case should be the touchstone. Those circumstances should be viewed in the light of the underlying principles which necessitate the inquiry into those circumstances in the first instance when the government breaches the plea agreement. Fairness in securing the agreement from the government, the duties of the prosecutor in relation to plea bargaining and ensuring that the defendant receives what is reasonably due under the circumstances. In this case Mr. Collins was not due a specific sentence. He was due a fair plea negotiation process and a fair sentencing process that was free from the taint at the very least of his pre-plea conduct for which the government bargained not to introduce. So the issue is what is the appropriate standard and ruling on a motion to withdraw a plea after a finding by an appellate court that the government has breached the plea agreement. Collins argues that the district court should look to the totality of the circumstances to in front of a different district court judge free from the taint of the government's breach or whether only a withdrawal of the plea can effectively remedy that breach. Those considerations should include whether the breach was intentional and egregious or the taint can actually be removed by sentencing in front of a different judge. In this case because the evidence was introduced by the government including the pre-plea phone breach in the first Collins case the evidence introduced by the government simply couldn't be wiped away and in fact it wasn't wiped away in this case because it was in front of the district court both on the motion to withdraw the plea and it was still contained within the government's offense conduct statement and in the pre-sentence report. So it wasn't wiped away and it couldn't have been wiped away in this case given procedurally how the case proceeded. Initially when this court's mandate came down the original district court judge immediately refused herself from the case and transferred it over to a second district court judge. That judge then had to rule on the motion to withdraw the plea which necessarily put in front of that judge all of the issues that had been raised and litigated in the first Collins case and so just by virtue of that fact initially it was virtually impossible to remove the taint from the first proceedings in Mr. Collins's original plea and sentencing from the re-sentencing in front of the separate district court judge. Counsel why is that so based on our case law why isn't there why isn't it logical to assume that a different judge would be an appropriate way to address the concern for taint? Well I think I mean a different district court judge on a on a clean record and re-sentencing would be appropriate but that's not what happened in this particular case. I think the district court judge who originally heard the case would have been the judge who was that the case law is that the district court judge is in the best position to decide whether to withdraw the plea or not and that would seem to be the original district court judge who has the knowledge of the case but to have a second district court judge who then has to rule on issues involving the tainted proceedings themselves necessarily brings that into that second district court judge's purview so to speak. In fact I'm trying to understand why that why that would work the way you you say well why would that be presumptive that the second judge wouldn't be objective? Well I I'm not I don't think I would say that the second judge couldn't or wouldn't or wasn't being objective. For example in the original case the district court judge actually held the government to its bargain and gave Mr. Collins everything that it bargained for but the case law in breach of plea or the government's breach of plea isn't necessarily concerned with the objectiveness of the district court it's the appearance of the proceedings and and the taint from the government's breach that is the problem so that's why this court even in in Collins one vacated the sentence because even though he got everything he bargained for and even though the district court judge didn't consider the the issues related to the evidence that the district that the government wasn't supposed to introduce reversal is still required because of the appearance and because the duties that the prosecution has to keep the proceedings free from those materials and the underlying fairness to Mr. Collins to have a fair sentencing proceeding and get essentially that the things that he bargained for from the the district court couldn't be objective so what what is the remedy you are asking for today well the the remedy today at our request would be that it uh it's it's kind of difficult in this position right so it would in theory it would go back to the original district court judge to determine whether uh Mr. Collins can withdraw his plea or whether specific performance can be had free of any taint from the original breach by the government and I think that the court should utilize the appropriate standard which is to look at the totality of the circumstances and say can Mr. Collins get a fair sentencing proceeding in front of a district court judge free from the government's the taint of the government's breach which didn't happen circuit case is that there is no eighth circuit case your honor uh I I believe that that this is an issue of uh it's it's an issue that hasn't been decided by the circuit before as to exactly what the standard is after a breach of plea on a motion uh to withdraw uh the defendant's plea um I have cited in my brief case law on the second circuit uh which deals with uh looking at the circumstances or the totality of circumstances much like the supreme court said in santa bello to determine whether a fair sentencing proceeding can can be had free from the taint of the government's original breach um yeah I believe in the holly case uh let me just pull up my case uh the ball um the issue was can that uh the government had introduced evidence that couldn't be magically erased or ignored and so they found at that point that the only remedy was withdrawal uh in this case obviously the evidence was still there um and and in none of those cases none of the cases do they say the district court judge themselves weren't objective or fair but the evidence was still there uh the that is not there uh then perhaps sentencing in front of a new judge would be appropriate but in this case we've now had two sentencings two pre-sentence reports with information that uh from the government uh regarding pre-plea conduct and even though the district court said that it didn't consider those things the taint is still there what is what is wrong with putting pre-plea conduct in the pre-sentence report we do that all the time I don't think if it's relevant conduct what what difference does it make I there's I don't think that there's anything inherently wrong with it but in this case the government bargained uh for uh not arguing for acceptance and even even what but even when the government agrees to exceptions they still put in all relevant conduct in the pre-sentence report I guess I'm having trouble understanding why if it's relevant conduct it can't be in the pre-sentence report I think when the government uh bargains and and again in this case I guess I have to step back real quick for a second um the opinion in this case decided breach only on one issue because there was only one issue that that needed to be found for breach we had argued there were multiple other breaches and that the way that the government characterized the information that it put in its offense conduct statement and then went into the pre-sentence report made it much more likely for a court to find against Mr. Collins on these issues um and so uh when the government contracts with the defendant for certain things then I think it restricts what they can do how they can characterize information and what they can put in uh otherwise they shouldn't contract for those things well ultimately what ends up in the pre-sentence report is the probation officers the pre-sentence writers a call uh not the government right I mean and we get information from those officers all the time and the way the judges generally deal with it if they think that it's it's uh potentially prejudicial and not uh appropriate to consider is you just say that's in there I'm not considering that that's not going to weigh in my decision process at all um why is this case so different that that the only available remedy is apparently you know find another judge someplace who's never read anything and won't read any of the opinions that we've ever done or just order that the plea be withdrawn well I think that was that would be an issue for the district court to decide in the first instance using the appropriate test or standard which is to look at the totality of the circumstances and determine that and the district court judge in this case didn't do that uh the district court judge applied rule 11 fair and just standards uh found that there was no fair and just uh reason to take back the plea so um I mean I think that is a possible uh ruling for the court but the court didn't didn't do that in this case and so that's why I think remand is needed to apply the appropriate standard and then if the district court judge determines that you know a resentencing can be had uh free from the taint of the breach then we move on to the next step which is resentencing and Mr. Collins can appeal whether or not that uh was fair or not. Thank you. Thank you. Thank you, counsel. Ms. Jennings. I believe you're muted. Thank you, your honor. May it please the court, counsel, your honors, I would like to start my argument where Mr. Collins's attorney left off and that would be with the record the district court record in this case. It is interesting that on appeal Collins is asking for the remedy of remand to what I understand would be the original sentencing judge in this case, Judge Rose, to the counsel for uh Mr. Collins did have that opportunity at the district court level to ask for that remedy um when the case was remanded as counsel stated it was reassigned from Judge Rose who was the original sentencing judge to Judge Ebinger immediately and then from there going forward Collins moved to withdraw his guilty plea in front of Judge Ebinger. She denied it and then ordered specific performance and proceeded to sentencing. In the district court at no point did Collins ask for the remedy of reassignment in the first instance back to Judge Rose to consider the motion to withdraw the guilty plea and then once the motion to withdraw the guilty plea was denied and it was clear that we were going to sentencing Collins did not ask the district court or give the district court the opportunity to weigh in whether that would be appropriate remedy. He did not raise his argument that the sentencing proceedings would be tainted such that a new judge would need to be appointed for the purposes of sentencing. So the government would like to clarify that piece of the record for the court. In the first Collins appeal this court did find that the government had breached the plea agreement by using pre-plea conduct. The court remanded to the district court to determine whether specific performance or withdrawal of the guilty plea was the appropriate remedy. This district court in this case did exactly what the court asked it to do. Mr. Collins moved to withdraw his guilty plea. The defendant or Mr. Collins presented his arguments that he should be allowed to withdraw because of the breach that the court did find as well as additional breaches alleged by Collins and also presented his argument that the taint could not be purged sufficiently from the sentencing proceedings. The district court considered that argument and considered whether it was a fair and just reason for withdrawal of the guilty plea and the district court found that it did not meet that standard. The court then imposed a sentence that was within the guideline range. Although it was higher than the originally imposed sentence, the record that the district court made clearly sets forth the reasons for its within guideline sentence. Mr. Collins has failed to establish that the district court abused its discretion in denying the motion for withdrawal of the guilty plea and he's also failed to establish that the district court plainly erred by imposing that within guideline sentence. Counsel, this is Jeff Smith. Do you agree that we need to determine a review standard or a standard for the district court to apply in seeking the relief that the defendant is seeking and right now it looks like we have the fair and just reasons under rule 11 or what counsel proposes a totality of the circumstances what's the government's view about the need to have a different standard for a remand like this as opposed to an initial consideration of a request for relief? The government's position is that the district court used the correct standard in this case. The government understands defense counsel's argument that there doesn't seem to be clear indication from the eighth circuit if there is a different standard to be applied on remand. If the court would find there to be the need for a different standard to be applied on remand, it's the government's position that that would be a stricter standard for the defendant to have to prove particularly in this instance when during the initial proceedings leading up to the initial sentencing the defendant, Mr. Collins, never asked to withdraw his guilty plea in that first proceeding in front of Judge Rose. He asked for a new pre-sentence report and he asked for a different sentencing judge but he did not request to withdraw his guilty plea during those initial proceedings. So certainly in this case the court did apply the correct standard and understood what defense counsel was trying to present which was the thrust of his argument was that the motion should be granted because this was essentially unfair to the defendant and whether you call that a fair and just reason or totality of the circumstances, district court understood what Collins's argument was and properly denied it and if a different standard would apply, it would be a stricter standard that the government feels Mr. Collins would not meet in this case. The district court properly found that the breach that the court found in Collins 1 was not a sufficient reason to grant the motion to withdraw the guilty plea. While the court did find that there was a breach, the court did not characterize it as an intentional and egregious breach. Instead the court said something to the effect of that there was some support for the way the government interpreted that provision of the plea agreement and used that plea pre-conduct. So this is not a case of an intentional and egregious breach such that would warrant the withdrawal of the guilty plea and the district court did not abuse its discretion in reaching that finding. Additionally, even if the district court had found a fair and just reason, in this case the other considerations that the district court is required to consider such as whether the defendant asserts actual innocence of the charge, the length of time that the defendant waited to move to withdraw his guilty plea, and whether the government would be prejudiced all way in favor of denying that motion to withdraw the guilty plea. The defendant never asserted that he was actually innocent of the charges. The time frame was a matter of years. He did not move to withdraw his guilty plea in the initial proceedings and it was a matter of years before it came before the court and the government of course would be heavily prejudiced by the withdrawal of the guilty plea at this point in a case where we're dealing with a minor victim. Several years have passed since the time that the government was actively involved in preparing for that trial. Moving to the second issue, the defendant claims that the sentence is presumptively vindictive because it was a higher sentence that was post-remand. The original sentence that was imposed in this case was 210 months on remand. The sentence was 228 months. The court, the case law says that there's no presumption of vindictiveness when a different judge imposes a more severe sentence and the record contains non-vindictive reasons for the more severe sentence. Here we already have the different judge and then the record in this case is replete with non-vindictive reasons for the higher sentence. Judge Eminger set forth the reason for her sentence in the transcript. She said that this was a highly aggravated offense and involved multiple instances in which the defendant had sex with minor victim B. There were instances of violence against minor victim B. There were numerous people who were harmed in this and another victim by the initials SM and that the offense was also aggravated by Mr. Collins' attempts to get minor victim B to engage in commercial sex with other individuals. In addition to the very serious conduct, we have the defendant's criminal history and Mr. Collins, his record demonstrates he is a danger to the community and that he has committed assaultive acts against other people which actually resulted in convictions. The PSR sets forth that he has a criminal history category for phrase six and that he has seven convictions in addition to the one that he was convicted for here for assaultive behavior against seven separate victims. Additionally, in this case, at the time of the first sentencing, there was a relating to a very horrific assault against SM who was a witness in this case. When the re-sentencing came around, those charges were no longer pending. They were final and he had been convicted of that offense and the circumstances of that offense are set forth in the PSR. They involve Mr. Collins beating the victim, holding her underwater, shoving a gun in her ribs, and several other acts of violence. This criminal history is quite frankly extraordinary for the amount of violence against women in this particular case and the district court set forth the reasons for the 228 month sentence and they are clearly not vindictive. So my time has run out. The government respectfully asked this court to affirm the judgment of the district court in this case. Mr. Collins has failed to establish that the district court abused its discretion in denying the motion to withdraw the guilty plea and has also failed to establish that the district court plainly erred in imposing a 228 month sentence. Thank you, your honors. Thank you, Ms. Jennings. Mr. Sarcone, you used all of your time in your initial argument. I would like to give you though 90 seconds to, if you've heard something that you feel necessary to respond to from the government. You're muted. Thank you, your honor. Both your honors, thank you. I think just briefly, you know, so the crux of the argument is that the court applied an improper standard and remand to apply the proper standard is what we're asking for. I think that there's, one could look at this as a new standard or it could be subsumed within rule 11. The seventh circuit and the first circuit of cited cases have said that a breach of plea is a fair and just reason and of course there are other considerations beyond fair and just that the court has laid out to consider. In cases of breach of plea, then we posit that the court considers whether the plea was intentionally egregious and whether a sentencing proceeding can be had free from the taint. Those would be the considerations either as an independent standard or subsumed with under rule 11, fair and just reasons. None of which this court considered because it's clear from the court's ruling as it sets forth at the end that Mr. Collins made no attempt to establish a fair and just reason. So it's clear that the court did not consider Mr. Collins' arguments within the context of rule 11. And so we would ask this court respectfully to set forth the standard for ruling on a motion to withdraw a plea after it's found a breach by the government and remand for the court to consider this case in the context of the standard set forth by your honors. Thank you. Thank you, Mr. Sircone. I noticed that you are representing your client under the Criminal Justice Act and court wishes to express our gratitude for your willingness to serve on the panel. Thank you. Certain Mr. Collins is grateful as well. Thank you. Thank you both counsel for participation and argument before the panel this afternoon. We'll take the case under advisement and your decision. Thank you. Counsel may be excused. I believe that concludes this special session to hear this case. Judges, I'll send out a text and we'll reconvene.